Johnson J.
delivered the opinion of the Court.
From the instructions given to the jury, it is more than probable, that they found the verdict, on the ground that the defendants had constituted their patroon, the slave Jack, their agent to contract with the plaintiff for carrying his cotton, and on that ground it can be well sustained.
It is not questioned, that a master may constitute his slave his agent, and I cannot dfineeive of any distinction between the circumstances which constitute a slave and a freeman, an agent — they are both the. creatures of the principal, and act upon his authority. There is no condition however degraded, which dey prives one of the right to act as a private agent, the, • master is liable even for the act of his dog, done in pur A suance of his command. Two witnesses, Beck and/ Eaton, prove that defendants had given general instruc-'i' tions to their patroons, to procure freight whenever, they could, and in one instance it is shewn, that one of the defendants received the price of freight on produce so received and carried by the patroon, a distinct recognition of their authority to contract for them:, and there is not a tittle of evidence, that this authority ivas ever rescinded. The authority was general as to that particular business, and the contract to carry, was directly in pursuance of it. The defendants were therefore bound. *
The proof of the custom, appears to me, to have been too equivocal, to have supported the verdict on *272 that ground, alone. To make a good custom, it must be proved to be general, and if the proof had been, that those concerned in the navigation of the Savannah river> bad from time immemorial, authorized and permitted their slave patroons to contract for carryi ng freight, # the defendants would have unquestionably been bound ,by it; but the proof here with the exception of one witness, is confined to particular instances, and it is not very obvious that, that witness clearly understood what is meant by a general custom.
Wardlaw, for the motion.
Calhoun, contra.
Motion dismissed.
Harper J. absent.